*E-FILED: March 12, 2012*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MIGUELANGELO CARCEIOLY,<br><br>    Plaintiff,<br><br>  v.<br><br>M.Y. MIKE KHALAF; NORTH COAST COURIERS, INC., a dissolved California Corporation; FRANK PEREZ; HOMAYOUN M. ZANJANI dba EAST BAY COURIER SERVICES; URIEL ARAUZ dba ADS DELIVERY SERVICES; ROBERT BONILLA dba CVBS ENTERPRISES; AHMED SAJJAD dba AMD ENTERPRISES; and A.N.D. ENTERPRISES LLC,<br><br>    Defendants.<br>_____/ | No. C11-04200 HRL<br><br>**ORDER GRANTING DEFENDANT KHALAF'S MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>[Re: Docket No. 25] |

    Plaintiff Miguelangelo Carceioly sues for alleged violations of federal and state wage and hour laws. Carceioly says that he has worked continuously from 1998 to the present as a full-time courier for North Coast Couriers, Inc. (North Coast)—and at various times—other defendants. According to the complaint, North Coast previously was sued in a wage and hour class action lawsuit. That lawsuit was settled, and defendant M.Y. Mike Khalaf reportedly was one of the individual guarantors of the settlement sum. Carceioly claims that Khalaf then devised a scheme to have North Coast dispatchers become sole proprietors of various entities who would, in turn, contract North Coast couriers to perform their jobs as independent

1 contractors. Khalaf allegedly used this scheme to have the dispatchers act as payment
2 intermediaries in order to insulate himself from liability and avoid obligations owed to
3 employees. Plaintiff claims that he has not been paid overtime wages or reimbursed for work-
4 related expenses.

5 Shortly after filing the instant action, Carceioly voluntarily dismissed the following
6 defendants without prejudice: North Coast Couriers, Inc.; Frank Perez; Homayoun M. Zanjani
7 dba East Bay Courier Services; and A.N.D. Enterprises, LLC. Additionally, default has been
8 entered as to defendants Robert Bonilla dba CVBS Enterprises; Uriel Arauz dba ADS Delivery
9 Service; and Ahmed Sajjad dba AMD Enterprises. Thus, Khalaf presently is the only defendant
10 before the court. Plaintiff sues Khalaf under several theories of liability: (1) in his alleged
11 capacity as plaintiff's common law employer; (2) in his alleged capacity as the alter ego of
12 North Coast; (3) for alleged tortious acts conducted outside the agency relationship he
13 reportedly had with various corporations; and (4) as plaintiff's alleged employer "under the
14 [federal Fair Labor Standards Act] economic realities test." (See Complaint ¶10).

15 Pursuant to Fed. R. Civ. P. 12(b)(6), Khalaf moves to dismiss plaintiff's fourth claim for
16 relief for waiting time penalties under California Labor Code § 203. Plaintiff opposes the
17 motion. Plaintiff and Khalaf have expressly consented that all proceedings in this matter may
18 be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); FED. R. CIV. P. 73.
19 The matter is deemed suitable for determination without oral argument, and the March 20, 2012
20 motion hearing is vacated. CIV. L.R. 7-1(b). Upon consideration of the moving and responding
21 papers, this court grants the motion to dismiss with leave to amend.

22 A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests
23 the legal sufficiency of the claims in the complaint. "To survive a motion to dismiss, a
24 complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that
25 is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662,129 S. Ct. 1937, 1949 173 L.Ed.2d
26 868 (2009) (quotations and citations omitted). "Factual allegations must be enough to raise a
27 right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555,
28 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted). "Threadbare recitals of the

2

1  elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal,
2  129 S. Ct. at 1949.  Morever, "the court is not required to accept legal conclusions cast in the
3  form of factual allegations if those conclusions cannot reasonably be drawn from the facts
4  alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).  A claim is
5  plausible if its factual content "allows the court to draw the reasonable inference that the
6  defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.  A plaintiff does not
7  have to provide detailed facts, but the pleading must include "more than an unadorned, the-
8  defendant-unlawfully-harmed-me accusation." Id.  While leave to amend generally is granted
9  liberally, the court has discretion to dismiss a claim without leave to amend if amendment
10 would be futile. Rivera v. BAC Home Loans Servicing, L.P., 756 F. Supp.2d 1193, 1997 (N.D.
11 Cal. 2010) (citing Dumas v. Kipp, 90 F.3d 386, 393 (9th Cir. 1996)).

Khalaf argues that plaintiff's claim for waiting time penalties cannot stand because the complaint does not allege that Carceioly is a former employee.  California Labor Code § 203 provides, in relevant part:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an *employee who is discharged or who quits*, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

CAL. LABOR CODE § 203 (emphasis added).  There is no dispute that "waiting time penalties are only available when an employee is discharged or quits a position." Porch v. Masterfoods, USA, Inc., 685 F. Supp.2d 1058, 1075 (C.D. Cal. 2008).  Carceioly acknowledges that if Khalaf is found to be his employer for all relevant time periods, then he has no claim for waiting time penalties.  He nevertheless argues that, because he has pled his employment status in the alternative (i.e., either as Khalaf's employee or as the dispatchers' independent contractor), the complaint sufficiently states a claim for relief under California Labor Code section 203.  He has not presented authority to support that proposition.  And, nowhere does the complaint allege that plaintiff was terminated or that he resigned.  Indeed, as noted above, the complaint states that plaintiff has been continuously employed from 1998 to the present; that Khalaf was North

1 Coast's alter ego; that Khalaf allegedly schemed to treat plaintiff as an "independent contractor"
2 rather than as an "employee"; and that "at all material times . . . Khalaf willfully and knowingly
3 permitted Plaintiff to work overtime hours as alleged herein and failed to pay overtime
4 compensation to the Plaintiff for those hours." (See, e.g., Complaint ¶¶ 13-14, 19, 23, 30). The
5 complaint does not state sufficient facts to support a plausible claim for relief as to Khalaf.

6 Accordingly, defendant's motion to dismiss is granted. Plaintiff will, however, be given
7 an opportunity to amend. Plaintiff's amended pleading shall be filed within 14 days from the
8 date of this order.

9 The initial case management conference set for March 20, 2012 is continued to **May 15,**
10 **2012, 1:30 p.m.** All related deadlines are adjusted accordingly.

11 SO ORDERED.

12 Dated: March 12, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

5:11-cv-04200-HRL Notice has been electronically mailed to:

Tomas Eduardo Margain   margainlaw@hotmail.com, crronan@gmail.com, dg@wagedefenders.com, mh@wagedefenders.com, tm@wagedefenders.com

Troy A. Valdez   tvaldez@vddlaw.com, eholland@vsnlaw.com, lho@vsnlaw.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.